ORRACA HERMANOS, peticionaria, *v.* TRIBUNAL DE APELACIÓN DE CONTRIBUCIONES, demandado.

Núm. 1355.—*Sometido:* Julio 15, 1942. *Resuelto:* Julio 29, 1942.

*M. Guzmán Texidor*, abogado de la peticionaria; *Hon. Procurador General George A. Malcolm, M. Rodríguez Ramos, Procurador General Auxiliar y Eulogio Riera, Procurador Auxiliar*, abogados del demandado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la petición de *certiorari* radicada ante esta corte por la sociedad civil "Orraca Hermanos", se alega que dicha sociedad estableció apelación para ante la Junta de Revisión e Igualamiento, solicitando la revisión de la tasación de la contribución sobre ingresos de la peticionaria, hecha por el Tesorero de Puerto Rico para los años 1932 a 1936; que al ser abolida la referida junta, el caso pasó de acuerdo con la ley al Tribunal de Apelación de Contribuciones, en donde fué radicado bajo el título "José Orraca, querellante v. Tesorero de Puerto Rico, querellado, Núm. J.R.I. 7558–7562"; que dicho Tribunal de Apelación, en febrero 17 de 1942, resolvió el caso sin citar a los peticionarios, sin oírlos y sin darles oportunidad de defenderse ni su día en corte; que en junio 8, 1942 el referido tribunal dictó una resolución en la que hizo constar que la resolución dictada contra José Orraca, confirmando la tasación hecha por el Tesorero, se refería a la sociedad "Orraca Hermanos"; que al resolver el caso en contra de los peticionarios, el Tribunal de Apelación no se fundó en los hechos del caso y sí en la alegada buena posición económica de los peticionarios y en informes de personas extrañas, que los peticionarios no tuvieron oportunidad de refutar.

Alegan los peticionarios que el procedimiento seguido por el Tribunal de Apelación de Contribuciones es contrario a ley e infringe los derechos constitucionales de los peticionarios al privarles de su propiedad sin el debido proceso de ley.

Expedido el auto solicitado, compareció el Tesorero, y en su escrito de oposición y, en síntesis, alegó:

1. Que esta Corte Suprema carece de jurisdicción para conocer de este caso:

(*a*) Porque la petición de certiorari ha sido radicada bajo la Ley Núm. 172 de 1941, la cual no autoriza dicho procedimiento.

(*b*) Porque el pago bajo protesta hecho en junio 29 de 1942 se realizó fuera del término de 30 días que para acudir a la Corte Suprema concede la ley a partir de la decisión del Tribunal de Apelación de Contribuciones.

(*c*) Que habiendo sido dictada la sentencia en 17 de febrero de 1942 y la petición de certiorari radicada el 8 de julio de 1942, resulta que el recurso fué interpuesto después de expirado el término de treinta días contados desde febrero 17.

2. Niega que el caso fuera resuelto sin oír a las partes, y en contrario alega que los peticionarios tuvieron su día en corte ante la Junta de Revisión e Igualamiento.

3. Que la resolución de junio 8 de 1942 fué dictada con el único objeto de corregir el nombre de los peticionarios, el cual por error mecánico de los empleados del tribunal se había escrito "José Orraca" en vez de "Orraca Hermanos".

El Tesorero formuló otras negativas y alegaciones que no mencionaremos por creerlo innecesario para la decisión del recurso.

■ La única cuestión a resolver es si el pago bajo protesta fué hecho y el escrito de apelación radicado dentro del término fijado por el estatuto. El Tesorero insiste en que el término de treinta días debe contarse desde el 17 de febrero de 1942, fecha de la primera resolución dictada contra José Orraca. El peticionario sostiene por el contrario que dicho término empezó a correr en junio 8 de 1942, fecha en

que se dictó la decisión contra Orraca Hermanos, que es la parte realmente interesada, como contribuyente y como recurrente ante el Tribunal de Apelación de Contribuciones.

Tiene razón la parte peticionaria. El error cometido por un empleado del Tribunal de Apelación al radicar el caso a nombre de José Orraca, y el cometido por el propio tribunal al dictar su decisión en contra de José Orraca en vez de Orraca Hermanos, son errores substanciales de los cuales no es responsable Orraca Hermanos que es la verdadera parte interesada. Privarles de su derecho a recurrir ante esta Corte Suprema, por errores que ellos no cometieron, equivaldría a castigar a una persona por la falta de otra. Resolvemos que la petición de certiorari fué radicada y el pago bajo protesta hecho dentro del término legal y que esta corte tiene jurisdicción para conocer del caso y dictar la sentencia que sea procedente.

La cuestión levantada por el Tesorero interventor de que la Ley Núm. 172 de 1941 no autoriza el recurso de certiorari para revisar las decisiones del Tribunal de Apelación de Contribuciones, en asuntos de contribuciones sobre ingresos, y que el único recurso del contribuyente es la apelación ordinaria, fué también levantada y resuelta en contra del Tesorero en los casos Núm. 1286, *Mayagüez Sugar Co., Inc.* v. *Tribunal de Apelación de Contribuciones, et al.* y Núm. 1300, *Francisco Ballester* v. *Tribunal de Apelación de Contribuciones, et al.*, ambos resueltos en julio 23 de 1942 (ante, págs. 753 y 768).

La sociedad peticionaria tenía derecho a ser oída por el Tribunal de Apelación. Éste no está autorizado por la ley para resolver casos pendientes de decisión ante la Junta de Revisión e Igualamiento sin oír al recurrente. El fallo dictado por dicho tribunal sin conceder a la peticionaria su día en corte no puede surtir efecto legal alguno. Así lo resolvimos en el caso de *Mayagüez Sugar Co., Inc.*, supra.

*Las resoluciones recurridas deben ser anuladas y el caso devuelto al Tribunal de Apelación de Contribuciones para ulteriores procedimientos no inconsistentes con esta opinión.*